# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 9, 2012

144298

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

STANLEY JEROME BROWN,
      Defendant-Appellant.

SC: 144298
COA: 292470
Wayne CC: 02-006678-FH

_____/

On order of the Court, the application for leave to appeal the October 27, 2011 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals and REMAND this case to the Wayne Circuit Court for a new trial. The trial court erred in concluding that the defendant received the effective assistance of trial counsel. Counsel was ineffective for failing to specifically request the National Counsel on Alcoholism and Drug Dependence staff activity logs before trial, as those logs supported the defendant's claim that he did not have as many individual counseling sessions with the complainants as they alleged. Trial counsel was also ineffective for failing to effectively cross-examine the sole complainant (the "complainant") whose testimony resulted in the defendant's convictions. Counsel failed to point out any of the inconsistencies in the complainant's trial testimony, and also failed to develop the point that her trial testimony was inconsistent in some respects with her preliminary examination testimony and with her initial statement to the police. Because the defendant's former appellate counsel was ineffective for failing to raise these issues on the defendant's direct appeal, and the defendant was prejudiced thereby, he has met the burden of establishing entitlement to relief under MCR 6.508(D). On retrial, the defendant should be permitted to introduce relevant and admissible evidence produced in the civil suit filed on behalf of the complainant.

We do not retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 9, 2012

_Corbin R. Davis_
Clerk

h0502